EDMUND P. BANNING, ANNIE MAE BANNING, HIS WIFE, AND ANDREW BYSHEIM, *Appellants*, *v.* H. D. BROWN, A. M. IVES, J. H. PATTERSON AND DEBERNIERE HOUGH, *Appellees*.

Opinion filed July 2, 1918.

Petition for Rehearing Denied August 13, 1918.

Where money is procured to pay balance of purchase price for lands and an absolute conveyance of the land is made by the borrowers to the lenders of the money, with a contract to reconvey upon payment of stated amounts including the money borrowed with interest at 8% per annum and also a fee due by the borrower to attorneys who represented the borrower in a specific performance suit by which the borrower obtained title to the lands from his vendor, and including also a large bonus from the borrower to the lenders of the money, and the money borrowed is used in paying the balance of the purchase price of the lands to the borrower's vendor, and the borrow brings suit to have the conveyance to the borrowers decreed to be a mortgage under the Statute with a right to redeem, and that the mortgage is usurious, the borrower in this bill to redeem the lands from the absolute conveyance specifically asked to be allowed to redeem therefrom by paying such sum, if any, found to be due and "expressly offers and agrees to pay into Court any such sum or sums so found to be due, upon a determination of the amount thereof by the Court" and the Court upon full hearing decrees the transaction "was and is only a mortgage and operates as a specific lien and security only," decrees it to be usurious, and under the prayer of the bill decrees that the complainant may redeem upon payment of the amount borrowed with interest at 8% per annum, together with the mentioned attorney fee due by the complainants, the Court expressly decreeing "that jurisdiction of this cause is hereby retained for the purpose of allowing the defendants, if so advised, to file a cross bill (leave for such proceeding being hereby granted) to foreclose the said deed of March 24th, 1914, as a mort-

gage," and such decree is affirmed by the by the Appellate Court on appeal taken by the defendants therein, the complainant not taking an appeal or assigning cross errors, but contended for the affirmance of the decree rendered as prayed by him, and subsequently the defendants by cross bill pursuant to the terms of the decree in the original suit, seek the enforcement of the lien upon the lands decreed on the original bill, the complainants in the original bill, defendant in the cross bill, are bound by the decree obtained by them, even though under the Statute the original transaction was a usurious mortgage.

Appeal from Circuit Court for Duval County, D. A. Simmons, Judge.

Decree affirmed.

## STATEMENT.

It appears from the proceedings under the original Bill of Complaint filed by Banning and others against Brown and others that Banning had a contract with H. B. Garrett for the conveyance to the former of stated real estate; that in a suit conducted for Banning by Fletcher & Dodge as attorneys, a specific performance of the contract to convey the property to Banning was enforced; that by the terms of the decree for specific performance Banning was required to pay to Garrett as the balance of the purchase price of the property about $31,733.34, with interest at 8% per annum; that to meet this payment there were transactions between the parties to this litigation which transactions were decreed to be in law a mortgage from Banning *et al.* to Brown *et al.,* which "operates as a specific lien and security only"; that a provision in the mortgage for the payment of a bonus to the lenders, which rendered the mortgage us-

urious, was eliminated by the decree on the original bill, and a decree permitting redemption was rendered as prayed by Banning; that the payment of $20,000.00 to Fletcher and Dodge provided for in the mortgage is a fee for services rendered by them as attorneys for Banning in the specific performance suit by means of which Banning obtained title to the property. In the original bill brought by Banning to redeem, complainants "expressly offer and agree to pay into Court any sum or sums found to be due upon a determination of the amount thereof by the court." The matters set up by Banning in the answer to the cross-bill had been adjudicated on the original bill brought by Banning, such adjudication being in accordance with Banning's prayer and he acquiesced in such adjudication by not appealing or assigning cross-errors on the appeal taken by the defendants.

The other facts sufficiently appear in the opinion.

*John T. Crawley,* for Appellants;

*John W. Dodge,* for Appellees.

WHITFIELD, J. *(after stating the facts.)*—The cross-bill of complaint filed herein on May 15, 1916, alleges in effect that on September 25, 1914, the appellants filed a Bill of Complaint against the appellees setting up that H. B. Garrett conveyed to E. P. Banning certain described lands; that on March 24, 1914, appellants executed to appellees a deed of conveyance of the property absolute in form; that as a part of the same transportation appellants executed to appellees a contract to reconvey the land to them upon the payment of $71,400.00 within six months from the date thereof; that on the same day the appellees executed to E. P. Banning a pretended lease of said land for six months; that a conveyance

of a part of the land was made to Andrew Bysheim subject to the alleged mortgage; that said transaction was really a loan of $35,000.00 from appellees to E. P. Banning, and said instruments were really executed to secure the payment of said loan of $35,000.00 together with a bonus of $15,000.00 and $1,400.00 interest for six months at 8%, and $20,000.00 fee then due from E. P. Banning to Fletcher & Dodge; that said transaction was usurious under Chapter 5960, Laws of Florida, and particularly Section 5 of said Chapter, said appellants "offering to pay and agreeing to pay into Court any such sums found to be due from the" appellant to the appellee "upon a determination of the amount thereof by the Court;" that said Bill of Complaint prayed that an account be taken of the amount due, if any, to the appellees; that the contract between appellants and appellees "be decreed to be infected with usury, and the principal sum loaned with all interest charged, directly or indirectly * * * by way of bonus, commission or otherwise be forfeited" under Chapter 5960; that the conveyance be decreed to be a mortgage, and that appellants "be permitted to redeem therefrom by paying * * * such sum, if any, found to be due thereunder, in respect to the moneys thereby secured, which the complainants hereby offer to pay;" that the prayer also asked for cancellation of instruments, injunction and other incidental relief; that by answer appellees averred that the transaction was not a mortgage, but a sale of the property with an option to repurchase; that the Court decreed the transaction to be a mortgage lien on the lands decreed it to be usurious, and under the prayer of the bill, decreed that complainants (appellants here) have the right and they are hereby allowed to redeem the said premises from the lien of the said mortgage by paying to said de-

fendants the said sum of Thirty-five Thousand ($35,000) Dollars, so loaned or advanced as aforesaid, with interest on said principal sum at the rate of eight per cent. per annum, from March 24th, 1914, until the date of such payment, and procuring from Duncan U. Fletcher and J. W. Dodge, Attorneys, a full release and discharge of said defendants from all liability incurred by them to said Duncan U. Fletcher and J. W. Dodge, dated March 24th, 1914, and shown by the copy thereof attached to defendants' answer as Exhibit 1; or, failing to secure said release from said Duncan U. Fletcher and J. W. Dodge, the complainants shall pay to said defendants in trust for and for the use of said Duncan U. Fletcher and J. W. Dodge, the sum of Twenty Thousand ($20,-000.00) Dollars. And upon redemption from said mortgage by the complainants as provided in this paragraph, the said defendants are hereby required and directed to execute and deliver to the complainants a release and satisfaction of said mortgage discharging the said premises from the lien thereof.

"(e)   That the injunction order issued in this cause on October 12th, 1914, be and the same is hereby vacated and dissolved.

"(f)   That the costs in this cause are hereby adjudged against the defendants who are required to pay the same upon the taxation thereof by the Clerk of this Court, and for which execution may issue.

"(g)   That jurisdiction of this cause is hereby retained for the purpose of allowing the defendants, if so advised, to file a cross-bill (leave for such proceeding being hereby granted) to foreclose the said deed of March 24th, 1914, as a mortgage."

That from this decree the defendants, appellees here, took an appeal and the decree was affirmed by the Su-

preme Court; that the decree of the Court has not been complied with, and an enforcement of the amounts due in accordance with the decree is prayed.

A demurrer to the Bill of Complaint was overruled. By answer the defendants herein set up usury in the original transaction, claiming a forfeiture of the principal and interest; that the amount claimed for Fletcher and Dodge is unauthorized, they not being parties to the suit in which it was decreed to be due to them; and that the sale of a part of the land to Andrew Bysheim was not subject to the mortgage lien, but was a conveyance for full value to an innocent purchaser.

The Court entered a decree November 24, 1916, containing the following:

"This cause coming on to be heard upon cross-bill of complaint and the answer of the cross defendants thereto, the same having been set down for hearing upon cross-bill and the answer thereto, and having heard arguments of counsel, and being advised in the premises:

"It is found by the Court that the answer of the cross defendants to the cross-bill of complaint presents no defense to the said cross-bill, that the equities are with the cross complainants, that there is due and unpaid to the cross complainants by the cross defendants, Edmund P. Banning and his wife, Annie Mae Banning, the sum of Thirty-five Thousand Dollars as principal and the further sum of $6,466.72 as interested thereon at 8% from March 24, 1914, to November 24, 1916, making a total of $41,466.72 and that there is also due and unpaid by the same cross defendants to the cross complainants in trust for and for the use of Duncan U. Fletcher and J. W. Dodge the sum of Twenty Thousand Dollars as principal and the further sum of $2,288.85 as interest thereon at 8% from June 19, 1915, to November 24,

1916, making a total of $22,288.85, and it is further found by the Court that the cross defendant, Andrew Rysheim or Bysheim took title to a portion of the land described in the cross-bill subject to the instruments as set in said cross-bill of complaint, and that the sums so found to be due as aforesaid are a first lien upon the whole of the land described in said cross-bill of complaint and hereinafter described, and it is further found by the Court that the allegations in said cross-bill of complaint contained are true, and that the Court has jurisdiction of the subject matter and of the parties in this cause;

"It is therefore ordered, adjudged and decreed, by the Court that the said sums so found to be due as afore-said are a first lien upon the whole of the land described in the cross bill of complaint and hereinafter described; that the portion of said land to which the cross defendant Andrew Bysheim or Rysheim claims title under the deed set up in the said cross-bill is subject to the lien above declared; that the cross defendants, Edmund P. Banning and Annie Mae Banning, his wife, do pay or cause to be paid to the cross complainants the sum of $41,466.72 as principal and interest to November 24, 1916, and do further pay or cause to be paid to the cross complainants in trust for and for the use of Duncan U. Fletcher and J. W. Dodge the further sum of $22,288.85 as principal and interest to November 24, 1916, with legal interest to be computed on each of said sums from the date of this decree until paid, and also the costs of this suit, within three days from the date of this decree."

The decree contained other appropriate provisions to make it effective. It states that it was made after "having heard arguments of counsel.'

An appeal was taken by the defendants who contend here that the decree should have found the former decree "null and void except to declare the instrument therein complained of was a mortgage."

The original suit was brought by Banning and others to have a conveyance absolute on its face adjudged to be a mortgage; and in order to do equity in recognition of the relief asked in having a conveyance decreed to be merely a mortgage lien, the complainants therein, appellants here, offered and expressly agreed to pay the amounts found to be due by the complainants under the mortgage. The Court decreed the transaction to be a mortgage and directed that the complainants may "redeem the said premises *from the lien of the said mortgage* by paying to said defendants the said sum of Thirty-five Thousand ($35,000.00) Dollars, so loaned or advanced as aforesaid, with interest on said principal sum at the rate of eight per cent. per annum, from March 24th, 1914, until the date of such payment, and procuring from Duncan U. Fletcher and J. W. Dodge, Attorneys, a full release and discharge of said defendants from all liability incurred by them to said Duncan U. Fletcher and J. W. Dodge, dated March 24th, 1914, and shown by the copy thereof attached to defendants' answer as Exhibit 1; or, failing to secure said release from said Duncan U. Fletcher and J. W. Dodge, the complainants shall pay to said defendants in trust for and for the use of said Duncan U. Fletcher and J. W. Dodge, the sum of Twenty Thousand ($20,000.00) Dollars. And upon redemption from said mortgage by the complainants as provided in this paragraph, the said defendants are hereby required and directed to execute and deliver to the complainants a release and satisfaction of said mortgage discharging the said premises from the lien thereof."

While the defendants appealed from this decree, the complainants, appellants here, did not appeal and filed no cross assignment of errors. The decree was affirmed. Brown v. Banning, 71 Fla. 208, 71 South. Rep. 327.

As Banning and others were asking the aid of a Court of equity to have a conveyance absolute decreed to be a mortgage for their benefit, they offered to do equity. 29 Am. & Eng. Ency. Law (2nd ed.) 553; 39 Cyc. 1010; 22 Ency. Pl. & Pr. 465. This is not forbidden by Statute. The Court acting upon their offer to do equity and to pay the amounts found to be due, decreed that the money borrowed and used to pay the balance of the purchase price for the property should be repaid with legal interest, and that the amount due Fletcher & Dodge included in the mortgage be also paid with interest. Banning accepted this decree which was made in accordance with his prayer by not appealing or filing cross assignments of error on the defendants' appeal in which the decree was affirmed. Having been decreed to be the owners of the property with a right to redeem, upon an offer to pay the amounts found to be due with interest, and having accepted the adjudication as made, the appellants are bound by the decree obtained by them.

Decree affirmed.

BROWNE, C. J., TAYLOR AND WEST, J. J., concur.

ELLIS, J., dissents.